UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-83 JD |
| | ) | 3:19-CV-158 JD |
| ERICKA SIMMONS | ) | |

**OPINION AND ORDER**

A jury found defendant Ericka Simmons guilty of conspiring to distribute heroin, and the Court sentenced her to 108 months of imprisonment. She now moves to vacate her conviction and sentence under 28 U.S.C. § 2255, arguing that she received ineffective assistance of counsel in multiple respects. As discussed below, the Court finds that Ms. Simmons has asserted sufficient facts to warrant an evidentiary hearing on her claim that she received ineffective assistance of counsel in deciding whether to plead guilty or proceed to trial. However, her claims that her attorney rendered ineffective assistance at trial or in his pretrial investigation, or in connection with sentencing, are unsupported, so the Court dismisses those claims.

**I. FACTUAL BACKGROUND**

Defendant Ericka Simmons was charged with conspiring with Antwon Willis and others to distribute heroin. Eight of their co-defendants pled guilty, but Ms. Simmons and Mr. Willis pled not guilty and went to trial. As described in more detail in the court of appeals' opinion, the evidence at trial overwhelmingly established that Mr. Willis was a heroin distributer. *United States v. Willis*, 868 F.3d 549 (7th Cir. 2017). In fact, his attorney admitted as much in his opening statement. The question at trial was whether that distribution was part of a conspiracy. On that question, multiple witnesses testified that they would always contact Mr. Willis to arrange the transactions, but that Ms. Simmons, his girlfriend, would often be the one who would show up and complete the transactions. Some of the buyers also sent Moneygram payments for

heroin to be mailed to them. They put those payments in Ms. Simmons' name, and Ms. Simmons retrieved the money. The government argued that this evidence showed that Mr. Willis and Ms. Simmons were working together to distribute heroin. Ms. Simmons testified to the contrary that she never realized Mr. Willis was dealing drugs and never knowingly took part in any drug activity.

The jury found Ms. Simmons and Mr. Willis guilty of conspiring to distribute over 100 grams of heroin. The Court sentenced Ms. Simmons to 108 months of imprisonment (a marked reduction from the advisory guideline range of 188 to 235 months of imprisonment) and 4 years of supervised release. Ms. Simmons appealed her conviction and sentence, but the Seventh Circuit affirmed the judgment. Ms. Simmons also filed a petition for a writ of certiorari, but the Supreme Court denied that petition, making her conviction final. Ms. Simmons then filed a motion to vacate her conviction and sentence under § 2255, and that motion has been briefed.

## II. STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

## III. DISCUSSION

Ms. Simmons claims that her trial counsel was ineffective at multiple stages. She first claims that he offered ineffective assistance in connection with her decision to go to trial instead of pleading guilty. She next claims that he failed to adequately prepare for and conduct trial. Finally, she claims that he rendered ineffective assistance at sentencing. To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that her counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that she was prejudiced by the deficiencies in her counsel's performance, meaning that there is a reasonable probability that the results of the proceeding would have been different with effective representation. *Strickland v. Washington*, 466 U.S. 687 (1984). The contours of those elements vary depending on the context in which each claim arises, so the Court addresses each stage in turn.

**A.     Plea stage**

Ms. Simmons first argues that she received ineffective assistance of counsel at the plea stage. She asserts that her attorney refused to seek a plea agreement or entertain a guilty plea, and that he insisted on going to trial and told her she would be found not guilty. She further asserts that he failed to explain the sentence she faced if convicted at trial and did not consult with her or explain her options.

The Supreme Court has held that criminal defendants are entitled to the effective assistance of counsel during the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Those claims are subject to the same two elements as any ineffective assistance claim. *Id.*; *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). A defendant can satisfy the first element—deficient performance—by showing that the attorney gave ineffective advice about whether to plead guilty or proceed to trial. *Lafler*, 566 U.S. at 163; *Sawyer*, 874 F.3d at 279–80;

*Estremera v. United States*, 724 F.3d 773, 778 (7th Cir. 2013). To satisfy the second element—prejudice—a defendant must show that there is a reasonable probability that, but for the ineffective assistance, she would have pled guilty and would have received a more favorable sentence. *Lafler*, 566 at 164.

Ms. Simmons' motion alleges facts that, if accepted as true, would satisfy the first element. She alleges that her attorney told her that she would be found not guilty if she went to trial. She also alleges that, over her objections, he refused to engage in plea discussions, even though she told him that she was willing to cooperate. She further alleges that counsel never consulted her about the possibility of pursuing a plea, and never advised her about whether a plea would be in her best interests. The government represents that her attorney denies those allegations. He represents instead that Ms. Simmons refused to acknowledge any involvement or wrongdoing, and that she chose to proceed to trial even though he advised her of the low chances of acquittal at trial. However, those differing accounts only reflect disputes that require a hearing to resolve.[1] If Ms. Simmons' allegations are true, then counsel offered ineffective assistance in connection with her decision to proceed to trial instead of pleading guilty, so she is entitled to a hearing on that issue.

Ms. Simmons must still show that she was prejudiced. For a defendant who proceeded to trial to establish prejudice, she must show a reasonable likelihood that she would have pled guilty and received a more favorable outcome had she received adequate advice. *Lafler*, 566 U.S. at 168 (stating that "prejudice can be shown if loss of the plea opportunity led to a trial resulting in . . . the imposition of a more severe sentence"). At the outset, there is no evidence that the

---

[1] The government has not submitted evidence of counsel's statements, either, though that would not change the need for a hearing.

government offered a plea agreement or what terms a plea agreement might have contained had counsel negotiated one.² It is reasonable to believe based on common practice, though, that the government would have offered at least some plea agreement, even if for no more than an agreement to recommend a reduction for acceptance of responsibility. In addition, Ms. Simmons could have pled guilty without the benefit of a plea agreement. There is a reasonable likelihood that she would have received a lower sentence had she done so, as defendants who admit their guilt and plead guilty often receive lower sentences than defendants who contest their guilt at trial.

The more difficult question is whether Ms. Simmons has adequately alleged that she would have pled guilty. First, though, the government's response does not engage on this issue. It argues that Ms. Simmons can't show prejudice because she hasn't shown that the outcome of her *trial* would have been different. But as already discussed, the prejudice inquiry for this claim looks to whether the outcome of the plea stage would have been different—whether there is a reasonable probability that the defendant would have pled guilty with adequate advise. *Lafler*, 566 at 164.

In addition, construing Ms. Simmons' *pro se* filings liberally, the Court believes she has alleged enough to warrant a hearing. Ms. Simmons never expressly alleges that, with proper advice, she would have pled guilty and admitted that she had knowingly agreed with Mr. Willis to distribute heroin, but she makes several assertions that could support such an inference. Ms. Simmons asserts that her attorney rejected plea discussions "over [her] objections," which

---

² Ms. Simmons claims, for example, that she might have received immunity in return for her cooperation, but there is no support for that assertion. None of the defendants charged in this case received immunity; all pled guilty to something and were sentenced to terms of imprisonment.

implies that she wanted to pursue a plea and was willing to plead guilty. [DE 497-1 p. 1]. She also asserts that "she was willing to cooperate with the prosecution in return for leniency," *id.*, which likewise implies that she would have been willing to accept a plea.[3] She also faults counsel for failing to advise her that "she would be better advised to plead guilty, even if she believed herself to be innocent," implying she would have been willing to heed that advice. [DE 384-1 p. 6].

Of course, there are ample reasons to disbelieve those allegations, including the fact that she testified under oath at trial that she never conspired with Mr. Willis and didn't realize he was dealing drugs. As the Seventh Circuit has held, however, even a defendant's "belief in his innocence does not conclusively demonstrate that he would have rejected" a plea if given adequate advice. *Sawyer*, 874 F.3d at 280. To prevail, Ms. Simmons will need to show that there is a reasonable likelihood that she would have plead guilty, and the government is entitled to present evidence and argument to the contrary. The Court concludes, though, that Ms. Simmons has alleged enough to warrant a hearing on that topic.[4] The Court will therefore grant Ms. Simmons' request for counsel and set this matter for a hearing on that claim.

**B.     Trial preparation and trial**

Ms. Simmons next claims that her attorney was ineffective in numerous respects in preparing for and conducting trial. She asserts, for example, that he didn't investigate, didn't review discovery with her, and didn't consider a motion to suppress. She also asserts that at trial, he didn't know what she was charged with, didn't adequately cross-examine witnesses or make

---

[3] She also writes that she was "severely prejudiced and induced to plead guilty." [DE 484-1 p. 7]. She may have meant to write "not guilty," as she did not plead guilty, she went to trial.
[4] The remedy on this claim is also somewhat unclear, but would likely be limited at most to a resentencing. *Lafler*, 566 U.S. at 171. As explained below, Ms. Simmons already received a fair trial, so the question is only whether she should be resentenced pursuant to a guilty plea instead of pursuant to a jury verdict.

objections, didn't prepare her to testify, and lacked a clear strategy. These claims fail, though, because Ms. Simmons makes all of these conclusory assertions without any supporting details or explanation, and entirely fails to address how any acts or omissions could have affected the outcome of the trial.

For example, Ms. Simmons argues that counsel failed to investigate the facts of the case, and that his failure to do so constitutes ineffective assistance. The Seventh Circuit has held, however, that "[i]t is firmly established that in order to succeed on a failure to investigate claim, the petitioner must demonstrate what the attorney would have discovered had a proper investigation occurred, as well as what evidence would have been introduced at trial." *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997); *see also United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) ("When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced."); *United States v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991) (holding that a petitioner must make a "specific, affirmative showing as to what the missing evidence or testimony would have been"). Ms. Simmons makes no attempt to identify what any further investigation would have revealed or what additional evidence would have been introduced at trial (much less how that evidence would have had any tendency to influence the outcome of the trial).

Ms. Simmons argues along those same lines that counsel failed to give her all of the discovery for her to review.[5] A defendant is not entitled to personally review all discovery, though—that's what defendants have attorneys for. Also, she has not identified what her review

---

[5] She also objects that her attorney "never formally filed for discovery," but no formal filing is necessary for a party to receive discovery. *See* Fed. R. Crim. P. 16(a).

7

of the discovery would have produced, such that her attorney could have done anything different at trial. Thus, she cannot establish any prejudice on this ground.

Ms. Simmons likewise argues that her attorney failed to investigate the facts relating to a search of her apartment or the basis for the warrant authorizing that search, implying that she believes he should have moved to suppress that evidence. When a defendant's claim of ineffectiveness is based on counsel's failure to file a motion to suppress, a defendant must "prove the motion was meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). Ms. Simmons has not identified any basis upon which a motion to suppress could have been filed, nor has she shown how such a motion could have been meritorious, so this argument cannot support an ineffective-assistance claim.

Ms. Simmons also makes various complaints about her attorney's conduct of trial, but those arguments fail for similar reasons. She first takes issue with voir dire, arguing that her attorney should have objected to the racial composition of the jury and should have exercised peremptory challenges. Her attorney did object to the racial composition of the jury, though. After Mr. Willis' attorney noted that only one potential juror appeared to be African–American, Ms. Simmons' attorney stated: "I'd ask that we adjourn the trial and have a new draw" of potential jurors, based on "underrepresentation of African-Americans and the way that this system operated in this case." [DE 395 p. 41]. The Court denied that request, but Ms. Simmons' attorney did exactly what she argues he should have. Ms. Simmons also argues that her attorney should have exercised a peremptory challenge on a particular juror, and asserts that her attorney did not use any of his peremptory challenges. That is not correct, though. Ms. Simmons' and Mr. Willis' attorneys jointly exercised their peremptory challenges, and they in fact struck six

potential jurors with their peremptory challenges. Ms. Simmons also argues that her attorney should have struck a particular juror who had been associated with a local police department. It is unclear which juror she is referring to—her attorney did strike one juror fitting that description, [DE 357 p. 92–93]—but she does not identify either why it was ineffective not to exercise a strike on that juror or how she suffered any prejudice as a result.

Ms. Simmons next argues that her attorney did not even realize until after trial started that she was charged with conspiracy. That suggestion is, as the government argues, ludicrous. Conspiracy was the *only* charge against Ms. Simmons, and her attorney was plainly aware of that. The conspiracy charge was discussed at length at the final pretrial conference, and counsel intelligently discussed both the nature of the charge and Ms. Simmons' defense to that charge. [*E.g.*, DE 404 p. 7 ("First of all, I think there's a big problem about whether there is a conspiracy at all between Willis and Willis' customers. And I think we have a classic case here of buyer–seller rather than a conspiracy . . . . The second part is the government's proof that there was a conspiracy between Simmons and Willis is very thin here. They don't point to a single statement or declaration on Simmons' part that shows anything where she agreed with Willis to distribute drugs."), p. 27 (arguing that even if Ms. Simmons possessed a firearm found in her house, "that does not support an inference that she conspired with Willis to distribute drugs")]. Counsel also explicitly addressed the charge at the very beginning of his opening statement:

> A conspiracy, as the judge has told you, is an agreement to commit a crime. The conspiracy that's charged in this case is a conspiracy to distribute heroin. So we're talking about: Did Ms. Simmons agree with anyone to distribute heroin? And on that charge, the government will fail.

[DE 395 p. 168]. Ms. Simmons' argument that her attorney did not realize she was charged with conspiracy until after the trial began is patently false and cannot support her claim. *Blackledge v.*

9

*Allison*, 431 U.S. 63, 76 (1977) (noting that allegations that are "palpably incredible" or "patently frivolous or false" can be summarily dismissed).

Ms. Simmons also asserts, without further elaboration, that her attorney did not have a clear strategy for trial. Again, the record refutes that assertion. As counsel made clear in his opening statement, closing argument, and examinations throughout trial, his theory of the case was simple: Ms. Simmons was Mr. Willis' girlfriend, but he concealed his lifestyle from her and she never knew about or intentionally participated in his drug dealing, and thus was not part of a conspiracy. He explained this theory in his opening statement:

> As this evidence will unfold, you will see that there are a lot more things that she didn't know about [Mr. Willis]. One of the things that he successfully concealed from Ms. Simmons was that he was a heroin dealer. And the evidence will fail to establish that she joined in Willis's effort to sell heroin. There was no conspiracy between Simmons and Willis to distribute heroin.

[DE 395 p. 168]. That was a sound and coherent defense strategy.

Ms. Simmons raises other complaints about trial, such as that her attorney did not make enough objections, did not engage in suitable cross-examinations, and did not prepare her to testify. These claims are equally undeveloped. Ms. Simmons does not say, for example, what objections counsel should have made or why they would have been meritorious, or how her testimony would have been any different with any different preparation. She has thus failed to show that counsel was ineffective in any of those respects.

Finally, Ms. Simmons' arguments do not even address the question of prejudice. Even if she could show that her attorney was ineffective, she would still have to show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]'" *Eckstein v. Kingston*, 460 F.3d 844, 848 (7th Cir. 2006) (quoting *Strickland*, 466 U.S. at 694). "'In weighing the effect of counsel's errors, the court must consider the totality of the evidence . . . . A verdict or conclusion that is overwhelmingly supported by the

record is less likely to have been affected by errors than one that is only weakly supported by the record.'" *Id.* (quoting *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001)) (internal alterations omitted).

Here, having failed to identify any specific examples of what should have happened differently at trial, Ms. Simmons has failed to show a reasonable probability that any of those differences would have changed the trial's result. In addition, the evidence against Ms. Simmons was quite strong. Multiple witnesses testified to having received heroin from Ms. Simmons on multiple occasions. They testified that they always called Mr. Willis to arrange the transactions, but that Ms. Simmons was often the one who came to the meeting location and delivered the heroin. The witnesses testified about how many of those transactions took place at or near Ms. Simmons' apartment or house. Some of the witnesses also testified about sending money transfers in Ms. Simmons' name, after which Ms. Willis would send them heroin in the mail. Evidence showed that Ms. Simmons had picked up over $18,000 sent in that manner. Though some of the witnesses had also been charged and convicted and were hoping to receive a reduced sentence through their cooperation, one of the government's witnesses had not been charged and had never been promised anything in exchange for his cooperation. He testified to having received drugs from Ms. Simmons after calling Mr. Willis to arrange the sales, and that she was driving the car during one of the controlled buys he participated in. His testimony was compelling, and he had no apparent reason to slant his testimony or embellish Ms. Simmons' involvement.

All of that evidence provided strong support for the jury's finding that Ms. Simmons knew about Mr. Willis' drug dealing and knowingly agreed to participate and assist in that dealing, thus conspiring with him to distribute heroin. In light of the strength of that evidence,

11

Ms. Simmons has given no reason to believe that the jury's verdict may have been different had her attorney done anything different at trial. Therefore, her claim that her attorney rendered ineffective assistance in preparing for or conducting trial fails.

**C.     Sentencing**

Ms. Simmons also claims that she received ineffective assistance of counsel at sentencing. She first argues that her attorney failed to raise her substance or alcohol abuse as a mitigating factor. Ms. Simmons cannot fault her attorney in that regard, though. The reason that substance abuse was not presented to the Court as a mitigating factor is that Ms. Simmons *herself* denied having any substance abuse problem. In the pretrial services interview when she was first arrested, Ms. Simmons told the officer that she had "no history of substance abuse or treatment" and that she only "occasionally consumes alcohol." [DE 254]. During her interview for the Presentence Report after her conviction, Ms. Simmons likewise "reported that she does not use substances nor is there a need for treatment at this time." [DE 357]. She also reported that "she only drinks occasionally" and that "she does not have a problem with alcohol." *Id.* Ms. Simmons does not claim that she ever told her attorney that she actually had a substance or alcohol abuse problem. And because she told the probation officers on multiple occasions that she had no problem and no need for treatment, her attorney had no basis to argue to the contrary at sentencing, so he was not ineffective in that regard. Also, Ms. Simmons does not explain even now what her substance abuse problems were or how they would have been mitigating, so she has failed to show that she suffered prejudice in that regard anyway.

Ms. Simmons likewise argues that counsel should have asked for a recommendation that she participate in the Residential Drug Abuse Program in the Bureau of Prisons. That argument fails for the same reason—Ms. Simmons denied having any substance abuse problem or any need for treatment, so counsel had no reason to make such a request. In addition, neither defense

counsel nor the Court have any authority to place a defendant in that program. The most they can do is make a recommendation; only the Bureau of Prisons can decide whether to offer a defendant that form of treatment. Ms. Simmons can ask the Bureau of Prisons to be placed in that treatment program, but neither defense counsel nor the Court had any basis to make such a recommendation, so counsel was not ineffective in that regard.

Ms. Simmons finally suggests in passing that counsel failed to present character witnesses at sentencing. That argument is not correct, though. In preparation for the sentencing hearing, counsel submitted eight letters in support of Ms. Simmons. [DE 363-1]. The Court acknowledged those letters at sentencing:

> Mr. Stevens has submitted a number of letters written by Ms. Simmons' family and friends. The letters speak very highly of her, attest to her kindness and generosity, her work ethic, and her devotion to her daughter, among others, and that they reflect a substantial degree of support for Ms. Simmons. Unquestionably, she has the support of her family. Obviously the Court has read each of these letters and will take them into account in reaching a reasonable sentence.

[DE 399 p. 51–52]. Counsel thus did exactly what Ms. Simmons argues he should have. Ms. Simmons does not identify anyone else that counsel should have asked to speak on her behalf, nor does she say what those people would have said. *See Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997) ("In the case of an uncalled witness, [the Seventh Circuit has] held that at the very least the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called [to testify]."). She has thus failed to show that any additional character witnesses would have had any potential effect on the sentence she received. Thus, she has failed to show either that her attorney was ineffective at sentencing or that she may have suffered any prejudice as a result, so her claim of ineffective assistance at sentencing fails.

## IV.  CONCLUSION

For those reasons, the Court finds that an evidentiary hearing is warranted on Ms. Simmons' claim that she received ineffective assistance of counsel in deciding whether to plead guilty or proceed to trial. Because this matter is proceeding to a hearing, Ms. Simmons is entitled to counsel, so the Court also grants Ms. Simmons' request for appointed counsel. The Court dismisses the remaining claims. The Court also grants Ms. Simmons' motion to amend [DE 497], to the extent that the Court has considered the supplemental materials submitted with that filing.

SO ORDERED.

ENTERED: March 31, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court